IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORNELIUS BRAYBOY,
#77190-004                                                                                                          PETITIONER

VS.                                                                       CIVIL ACTION NO. 3:20-cv-626-DPJ-FKB

WALTER VEREEN                                                                                              RESPONDENT

## REPORT AND RECOMMENDATION

This is a petition for habeas corpus relief brought by Cornelius Brayboy, formerly an inmate in the Bureau of Prisons. *See* 28 U.S.C. § 2241. Petitioner was incarcerated at the Yazoo City Federal Correctional Complex at the time he initially filed the action. Brayboy asserts that, pursuant to *Rehaif v. United States*, 139 S.Ct. 2191 (2019), his conviction of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), is no longer valid. *See* [2] at 2. Respondent asserts, *inter alia*, that Brayboy has failed to demonstrate that a remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also* [10] at 2. Having considered the filings, the undersigned recommends that the petition be dismissed as moot.

A case becomes moot if it no longer presents a case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)). Since Brayboy filed this petition challenging his conviction, he has been released from the custody of the Bureau of Prisons. According to the web site of the Bureau of Prisons, Brayboy was released from custody on January 30, 2023. *See* Bureau of Prisons, https//www.bop.gov/inmateloc/ (last visited Mar. 9, 2023).

For this reason, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 13th day of March, 2023.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE

---

[1] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).